**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 09-CR-39-GKF |
| ) | |
| EDWARD O'FIELD, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter comes before the court on the plaintiff's Notice of Appeal[1] of the release order and conditions imposed by the Magistrate Judge [Docket No. 14] and the plaintiff's Motion for Revocation of Release Order [Docket No. 15].

A district court reviews a Magistrate Judge's ruling on pretrial detention *de novo*. *United States v. Boyd*, 484 F.Supp.2d 486, 487 (E.D.Va. 2007). The district court need not conduct a new pretrial detention hearing. Rather, the court may base its decision on the transcript of the original detention hearing and any additional evidence proffered by counsel. *Id.*

By Indictment issued March 4, 2009, a Grand Jury sitting in this federal district charged defendant Edward O'Field ("O'Field") with abusive sexual contact with a minor in Indian country, and with aggravated sexual abuse of a minor in Indian country. Specifically, Count One of the Indictment charges O'Field with "knowingly engag[ing] in sexual contact with K.S., an Indian child who had not yet attained the age of 12 years . . . by intentionally touching the creases of K.S.'s buttocks and anus . . . with an intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desires of any person . . . ." Count Two charges O'Field with "knowingly engag[ing] in a

---

[1] Pursuant to Local Criminal Rule 12.1(J), the plaintiff's Notice of Appeal merely effectuated a stay of the release order "unless and until it is lifted by a district judge."

sexual act with T.L., an Indian child who had not yet attained the age of 12 years . . . by intentionally touching T.L.'s vagina with his fingers . . . with an intent to abuse, humiliate, harass, degrade and arouse and gratify the sexual desires of any person . . . ."

In cases involving "a minor victim under section . . . 2241" of title 18 of the United States Code, if a "judicial officer finds that there is probable cause to believe that the person committed" such an offense, a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. 3142(e). Count Two is an offense involving a minor victim under section 2241.

"Once [the rebuttable] presumption is invoked, the burden of production shifts to the defendant," but "the burden of persuasion regarding . . . danger to the community always remains with the government." *United States v. Villapudua-Quintero*, 2009 WL 141931, at *1 (10th Cir. 2009) (quoting *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991)). "The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain." *Villapudua-Quintero*, 2009 WL 141931, at *1 (quoting *Stricklin*, 932 F.2d at 1355).

The issue before the court is not whether there is probable cause to believe that O'Field committed an offense under section 2241. Furthermore, there is no issue as to whether O'Field has rebutted the presumption that no condition or combination of conditions will reasonably assure his appearance as required. Finally, O'Field has met his burden of producing some evidence that there are conditions of release that will reasonably assure the safety of any other person and the community. The issue before the court is whether, in light of all the factors that may be considered,

O'Field should be released or detained pending trial.

18 U.S.C. § 3142(g) sets forth the factors to be considered in determining whether there are reasonable conditions of release that will reasonably assure the safety of any other person and the community:

> **Factors to be considered.**–The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . .
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including–
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

Following testimony and arguments heard at the detention hearing held March 11, 2009, the Magistrate Judge acknowledged that an extremely serious crime had been alleged, that it was a crime of violence involving minor children, and that the weight of the evidence was strong with respect to K.S. that something unusual had occurred. [Dkt. # 17, p. 74, lines 24-25; p. 75, lines 6-11]. In view of the lack of criminal history, the Magistrate Judge concluded that defendant had rebutted the presemption as to danger by showing that there are conditions that could be put in place that would reasonably ensure the safety of the community. [Dkt. # 17, p. 75, lines 20-22; p. 76, lines 2-4]. The Magistrate Judge imposed the following conditions: 1) that O'Field be placed in his

daughter's home subject to electronic monitoring; 2) that O'Field is to remain in the house 24/7 under her supervision; and 3) that no children whatsoever are to be in the vicinity of the defendant or his daughter's home. [Dkt. # 17, p. 76, lines 7-12]. The defendant's daughter represented to the Magistrate Judge that only she and her husband reside at their home and that there are no children in the neighborhood.

Having reviewed the briefs, the applicable caselaw, and the transcript of the detention hearing in light of the factors listed in 18 U.S.C. § 3142(g)(1)-(4) and the presumption of detention set forth in 18 U.S.C. § 3142(e), the court makes the following written findings of fact:

1. There is probable cause to believe that defendant O'Field committed a crime of violence involving a minor victim under 18 U.S.C. § 2241. Specifically, there is probable cause to believe that O'Field knowingly engaged in an act of aggravated sexual abuse of T.L., an Indian child then of eight (8) years of age, by intentionally touching T.L.'s vagina with his fingers, as alleged in Count Two of the Indictment. Pursuant to 18 U.S.C. 3142(e), a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community."

2. Based upon eyewitness testimony, there is also probable cause to believe that defendant engaged in abusive sexual contact with a two (2) year old Indian child, the crime of violence set forth in Count One of the Indictment. O'Field corroborated the eyewitness account in certain material respects, specifically, that he was in his bedroom with K.S., that K.S. was bent over one of the armrests of a chair with her pants down and her shirt pulled up, and that he was spreading K.S.'s buttocks apart. The eyewitness described O'Field as moving one hand with his fingers in and out of her buttocks area and rubbing his crotch with his other hand; O'Field contends he was examining K.S. for a rash because she had a runny nose and was scratching. This court concurs with the Magistrate Judge's finding that the weight of the evidence with respect to the abusive sexual contact to K.S., is strong.

3. The following considerations substantiate the weight of the evidence against O'Field as set forth in the Indictment. The defendant is around 79 years of age. He is relatively active and is currently unemployed. Sergeant Shannon Don Buhl, the sex crimes investigator for the Cherokee Nation Marshal Service testified, and this court finds, that child sexual assault predators do not "age out" as other criminals tend to do. Sergeant Buhl also testified, and this court finds, that child sexual predators commonly have multiple victims. In the instant case, the government has identified

    four (4) victims in addition to the two child victims identified in the Indictment: (1) K.S.'s four year old sister, N.T., who disclosed to a forensic interviewer at the Tulsa Justice Center on February 3, 2009, that defendant had put his private parts inside her; (2) Emma Cook, a 39-year-old resident of Arkansas who lived nearby O'Field as a child in Eastern Oklahoma, who states that O'Field raped her on more than ten occasions when she was seven or eight years old; (3) Eleanor Butler, a 44-year-old Oklahoma resident who states she was sexually abused by O'Field when she was about eight years old; and (4) Jeanne Hair Leaf, a 37-year-old Oklahoma resident who states she was sexually abused by O'Field when she was a young child. Sergeant Buhl testified, and this court finds, that it is not uncommon that child sexual abuse victims do not disclose sexual assaults immediately, even for a number of years due to fear, embarrasment, and powerlessness.

4.  The testimony before the court indicates that defendant has only one previous criminal charge – a 1979 state court charge of sexual violence against a minor – which was dismissed.

5.  Insofar as there is probable cause to believe that O'Field committed abusive sexual contact with a two-year-old on February 1, 2009, O'Field's release poses a serious danger of sexual violence to female children in the community.

6.  Some members of defendant's family do not believe the allegations against him. The government raises a reasonable concern that those family members may continue to bring their children around O'Field while he is on conditional release. This concern is heightened by the fact that defendant allegedly committed abusive sexual contact with K.S. while other extended family members were in and around the house. Despite the assurances of defendant's daughter, the condition of release prohibiting contact with children is essentially unenforceable and does not reasonably assure the safety of female children. The availability of electronic supervision does not alleviate these concerns.

Although defendant has produced some evidence supporting the imposition of conditions of release, the evidence presented to this court, coupled with the detention presumption, demonstrates that the government has sustained its burden of proving O'Field is a danger to the community. *See Villapudua-Quintero*, 2009 WL 141931, at *1; *see also, United States v. Abad*, 350 F.3d 793, 798 (8th Cir. 2003) (although the defendant had no prior criminal history, the nature of the crime charged–sexual activity with a minor–weighs heavily against release where strong evidence links the defendant to this crime of violence). The evidence presented by the government in this case

weighs against release. The court finds and concludes that the government has met its burden of persuasion that no condition or combination of conditions will reasonably assure the safety of the community, especially young girls.

This court is mindful of both the presumption of innocence carefully and properly considered by the Magistrate Judge, and of the constitutional issues raised by O'Field's able counsel. However, pre-trial detention under federal law is regulatory in nature, and does not constitute punishment before trial in violation of the Due Process Clause. *United States v. Jarvis*, 299 Fed.Appx. 804, 807 (10th Cir. 2008) (quoting *United States v. Salerno*, 481 U.S. 739, 748, 107 S.Ct. 2095 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979)); *see* 18 U.S.C. § 3142(j) ("Nothing in this section shall be construed as modifying or limiting the presumption of innocence.").

For the foregoing reasons, the court concludes the defendant should be detained pending trial, and plaintiff's Motion for Revocation of Release Order is granted. Pursuant to 18 U.S.C. § 3142(i), the defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

WHEREFORE, the plaintiff's Motion for Revocation of Release Order [Docket No. 15] is granted, and plaintiff's Appeal [Docket No. 14] which effectuated a stay of the release order is now moot.

DATED this 27th day of March, 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma